UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

January 28, 2016

MEMORANDUM TO COUNSEL RE:    Tanya L. Green-Wright v. Federal National Mortgage Association, et al.
Civil Action No. GLR-15-2476

Dear Counsel:

      Pending before the Court is Defendants', Federal National Mortgage Association ("Fannie Mae"), JPMorgan Chase Bank National Association ("Chase"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively "Defendants"), Motion to Dismiss. (ECF No. 8). Having considered the Motion and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Motion will be granted.

      On April 25, 2008, Plaintiff Tanya L. Green-Wright executed a negotiable promissory note (the "Note") for a principal amount of $252,000. The Note was secured by a Deed of Trust on a property in Edgewood, Maryland (the "Property"), and the Deed of Trust was recorded in the Harford County Land Records. Chase was designated as the Loan Servicer, meaning that it was responsible for collecting loan payments from Green-Wright. As Green-Wright's original "Lender" on the Note, Bear Sterns Residential Mortgage Corporation was the original beneficiary of the Deed of Trust. MERS, as nominee for the Lender, executed an Assignment of Deed of Trust to Chase on April 9, 2013. On July 14, 2015, Green-Wright received a letter from the Law Offices of McCabe, Weisberg & Conway, LLC informing her that a foreclosure sale of the Property would take place on July 31, 2015.[1] After receiving this letter, Green-Wright discovered that Fannie Mae owned her loan.[2]

      On August 20, 2015, Green-Wright, acting pro se, initiated this suit, alleging breach of contract and fraud. (ECF No. 1). On October 7, 2015, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (ECF No. 8). Green-Wright filed a Response on October 26, 2015 (ECF No. 10), and Defendants filed a Reply on November 12, 2015 (ECF No. 13). The Motion is ripe for disposition.

      A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a

---

[1] It is unclear on whose behalf McCabe, Weisberg & Conway, LLC carried out the foreclosure proceedings.

[2] It is unclear when Fannie Mae acquired the Note.

plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 555 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

Because this action involves allegations of fraud, Green-Wright's Complaint is subject to Rule 9(b), which requires that "the circumstances constituting fraud" be stated "with particularity." The circumstances constituting fraud include the "time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what was obtained thereby." Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc., 197 F.Supp.2d 298, 313–14 (D.Md. 2000) (quoting Windsor Assocs. v. Greenfeld, 564 F.Supp. 273, 280 (D.Md. 1983)).

In considering Defendants' Rule 12(b)(6) Motion, the Court must construe Green-Wright's Complaint in the light most favorable to her, read the complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir.1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993)).  Because Green-Wright is acting pro se, the Court must construe her Complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Nevertheless, the particularity requirements of Rule 9(b) still apply. Coulibaly v. J.P. Morgan Chase Bank, N.A., No. DKC-10-3517, 2011 WL 3476994, at *19 n.23 (D.Md. Aug. 8, 2011).  Furthermore, because the Court is sitting in diversity, it will apply the substantive law of Maryland—the state in which Green-Wright's causes of action arose. See Nationwide Mut. Ins. Co. v. Welker, 792 F.Supp. 433, 437 (D.Md. 1992) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).

Defendants attach the Note and Deed of Trust to their Motion to Dismiss, and they rely heavily on these documents in making their arguments.  Generally, "a court may not consider extrinsic evidence at the 12(b)(6) stage." Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011).  But, in this case, because the Note and the Deed of Trust were an integral part of Green-Wright's Complaint and she does not challenge their authenticity, the Court will consider them when determining whether she states a claim on which relief may be granted. See id. (quoting Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir. 2004)).

**Breach of Contract**

Under Maryland law, "[t]o prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that

obligation." Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001). When construing a contract, Maryland applies the rule of objective contract interpretation, under which "a court must 'give effect to the contract's plain meaning, without regard to what the parties to the contract thought it meant or intended it to mean.'" Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253, 260 (4th Cir. 2005) (quoting Turner v. Turner, 809 A.2d 18, 49 (Md.Ct.Spec.App. 2002)).

Though Defendants acknowledge that they had a contractual relationship with Green-Wright, they contend that she fails to state a claim because she does not sufficiently allege a breach of a contractual obligation. Green-Wright asserts that Defendants committed the following breaches of the Note or Deed of Trust: (1) Defendants failed to notify her that the Note had been transferred to Fannie Mae; (2) Defendants separated the Note and Deed of Trust rather than transferring them together; and (3) Defendants failed to record an assignment of the Deed of Trust to Fannie Mae.

Green-Wright's allegations belie the plain language of the Note and the Deed of Trust. Neither document provides that Defendants are contractually obligated to give Green-Wright notice when the Note is transferred, transfer the Note and Deed of Trust together, or record assignments of the Deed of Trust.[3] The Court finds, therefore, it cannot reasonably infer that Defendants are liable for breach of contract because Green-Wright has not alleged a breach of a contractual obligation. Accordingly, the Court will grant the Motion as to Green-Wright's breach of contract claim.

**Fraud**

"Under Maryland common law, 'fraud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement.'" Willis v. Bank of Am. Corp., No. ELH-13-02615, 2014 WL 3829520, at *17 (D.Md. Aug. 1, 2014) (quoting Sass v. Andrew, 832 A.2d 247, 261 (Md.Ct.Spec.App. 2003)). To state a claim for fraudulent misrepresentation, Green-Wright must allege:

> (1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result.

---

[3] To the extent Green-Wright alleges that the Deed of Trust is invalidated due to Defendants' failure to transfer the Deed of Trust with the Note and record Fannie Mae's interest in the Deed of Trust, she also fails to state a claim. See Quattlebaum v. Bank of Am., N.A., No. TDC-14-2688, 2015 WL 1085707, at *5 (D.Md. Mar. 10, 2015) ("In Maryland, . . . the right to enforce the deed of trust automatically follows the note, making the two inseparable. Courts in this district have therefore repeatedly and appropriately rejected the 'separation theory' as a basis for invalidating mortgages." (internal citation omitted)); see also Reed v. PNC Mortg., No. AW-13-1536, 2013 WL 3364372, at *3 (D.Md. July 2, 2013) ("[T]here is no legal requirement that an assignment of a deed of trust must be recorded in Maryland.").

3

Roberson v. Ginnie Mae REMIC Trust 2010 H01, 973 F.Supp.2d 585, 588 (D.Md. 2013) (quoting Marchese v. JPMorgan Chase Bank, N.A., 917 F.Supp.2d 452, 465 (D.Md. 2013)). To state a claim for fraudulent concealment, Green-Wright must allege:

> (1) [t]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

Willis, 2014 WL 3829520, at *19 (quoting Blondell v. Littlepage, 991 A.2d 80, 94 (Md. 2010)).

Liberally construing her Complaint, Green-Wright advances fraudulent misrepresentation and concealment claims. Specifically, she alleges that in the April 9, 2013 Assignment of Deed of Trust, MERS and Chase intentionally misrepresented that the Deed of Trust was being assigned to Chase and failed to disclose that Fannie Mae "undisputedly owned" the Deed of Trust. (Compl. ¶ 125, ECF No. 1). She makes the wholly conclusory allegation that "Defendants MERS and [Chase] were lying intentionally to induce [Green-Wright] to do what defendant [sic] wanted." (Id. ¶ 128). She never specifies, however, what MERS and Chase "wanted" or what they gained by making the alleged misrepresentation, thereby falling short of Rule 9(b)'s particularity requirement.

Green-Wright also fails to allege any action she took in reliance on the alleged misrepresentation and concealment.[4] Instead, she baldly asserts that she "relied with justification upon the misrepresentation" because she "did not know[] that the Defendants' statement was a lie." (Id. ¶ 129). Moreover, Green-Wright alleges "she was harmed as a result of this fraudulent scheme in the amount of $250,000," but her Complaint is devoid of any allegations as to how she suffered compensable damages as a result of the April 9, 2013 Assignment of Deed of Trust. (Id. ¶ 131). Accordingly, because Green-Wright neither satisfies Rule 9(b)'s particularity requirement nor alleges facts sufficient to establish each element of her fraud claims, the Court will grant the Motion as to her fraud claims.[5]

---

[4] Because the April 9, 2013 Assignment of Deed of Trust did not change her loan servicer, there was no need for Green-Wright to take any action as a result of the assignment. She was still obligated to continue making payments to Chase, her loan servicer.

[5] In her Response to Defendants' Motion to Dismiss, Green-Wright requests leave to amend her Complaint so she can add the particularity required by Rule 9(b). (ECF No. 10). The Court will liberally construe her request as a Motion for Leave to Amend. Under Rule 15(a)(2), a "court should freely give leave when justice so requires." The Court should deny leave to amend, however, when leave to amend would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. Wootten v. Virginia, No. 6:14-00013, 2015 WL 1943274, at *2 (W.D.Va. Apr. 29, 2015). Green-

      Based on the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 8) is GRANTED. To the extent Green-Wright moves to amend her Complaint, the Motion (ECF No. 10) is DENIED. Green-Wright's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail a copy of the memorandum to Green-Wright at her address of record.

                                      Very truly yours,

                                        /s/
                                  _____

                                  George L. Russell, III
                                  United States District Judge

---

Wright does not present any additional allegations that would enable her fraud claims to survive a Rule 12(b)(6) motion to dismiss, let alone satisfy Rule 9(b)'s particularity requirement. In fact, she presents no additional allegations whatsoever. Accordingly, the Court finds it would be futile to permit Green-Wright to Amend her Complaint and will deny her Motion.